**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ofati MALEPEAI, Defendant— Appellant.**

No. 01-16940.

D.C. No. CV-01-00356-DAE CR-95-01110-DAE.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 29, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

### MEMORANDUM **

Ofati Malepeai, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his 262–month sentence imposed following jury trial convictions for conspiracy and possession with intent to distribute crystal methamphetamine and cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *United States v. Sanchez–Cervantes*, 282 F.3d 664, 666 (9th Cir.2002), and we affirm.

Malepeai contends that his sentence is unconstitutional because the statute under which he was convicted is unconstitutional. This contention is foreclosed by *United States v. Buckland*, 289 F.3d 558 (9th Cir. 2002) (en banc), *cert. denied*, —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

Malepeai also contends that the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is substantive, applies retroactively to cases on collateral review, and extends the statute of limitations for his section 2255 motion. We reject Malepeai's contention in light of *Sanchez–Cervantes*, 282

F.3d at 671, 673 (concluding that *Apprendi* announced a new rule of criminal procedure and therefore does not apply retroactively on initial collateral review).

Finally, even if *Apprendi* were retroactive, it would not affect Malepeai's sentence. *See United States v. Mills*, 280 F.3d 915, 923 (9th Cir.2002) (upholding enhanced maximum sentence based on prior convictions); *see also Harris v. United States*, —— U.S. ——, 122 S.Ct. 2406, —— L.Ed.2d —— (2002) (rejecting *Apprendi* challenge to mandatory minimum sentences).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Malepeai's request for oral argument is denied. His request for appointment of counsel to argue the appeal is likewise denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

